**NOT FOR PUBLICATION**

**FILED**

MAY 4 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WATCHARIN LUAMSEEJUN, | No.    21-70496 |
| Petitioner, | Agency No. A207-134-862 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted April 14, 2022
Pasadena, California

Before:  CALLAHAN and VANDYKE, Circuit Judges, and ARTERTON,**
District Judge.

Watcharin Luamseejun petitions for review of the Board of Immigration

Appeals' ("BIA") determinations that she committed particularly serious crimes

that render her ineligible for withholding of removal and that she is not eligible for

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Janet Bond Arterton, United States District Judge for the District of Connecticut, sitting by designation.

deferral of removal under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We dismiss the petition in part and deny it in part.

1.      Luamseejun argues that the BIA incorrectly applied the proper legal standard in determining that she had been convicted of a "particularly serious crime" rendering her ineligible for withholding of removal. 8 U.S.C. § 1231(b)(3)(B)(ii). This court lacks "jurisdiction over the BIA's ultimate determination that [the petitioner] committed a particularly serious crime," but retains "jurisdiction to determine whether the BIA applied the correct legal standard." *Bare v. Barr*, 975 F.3d 952, 961 (9th Cir. 2020) (internal quotation marks and citation omitted); 8 U.S.C. § 1252(a)(2)(B)(ii). We review the BIA's determination for abuse of discretion. *Bare*, 975 F.3d at 961. "[O]ur review is limited to ensuring that the agency relied on the appropriate factors and proper evidence to reach this conclusion." *Id.* (internal quotation marks, citation, and alteration omitted).

Noncitizens who have "been convicted of an aggravated felony (or felonies) for which the alien has been sentenced to an aggregate term of imprisonment of at least 5 years shall be considered to have committed a particularly serious crime," but the Attorney General retains discretion to determine that a noncitizen has committed a particularly serious crime "notwithstanding the length of sentence

2

imposed." 8 U.S.C. § 1231(b)(3)(B). In exercising this discretion, the BIA considers three factors: "(1) the nature of the conviction, (2) the type of sentence imposed, and (3) the circumstances and underlying facts of the conviction." *Bare*, 975 F.3d at 961 (internal quotation marks and citation omitted).

Luamseejun fails to demonstrate that the BIA abused its discretion. While Luamseejun received a sentence of less than five years for her convictions for conspiracy to commit sex trafficking (18 U.S.C. § 1594(c)) and money laundering (18 U.S.C. § 1956(h)), the facts and circumstances of her crimes adequately supported the finding by the immigration judge ("IJ") that her crimes were particularly serious. Specifically, Luamseejun sought out a leadership role in a trafficking ring, became a high-level participant as a "house boss," purchased a stake in the operations of the smuggling ring, advertised and ran the day-to-day operation of a house of prostitution, and engaged in trafficking herself by purchasing the bondage debts of women who had been trafficked into the country. The IJ's reliance on Luamseejun's plea agreement as a source of these facts was not an abuse of discretion. Further, the BIA either explicitly or implicitly considered her mitigation arguments, including her lenient sentence and the fact that she was previously a victim of the same trafficking ring. *See Larita-Martinez v. INS*, 220 F.3d 1092, 1095–96 (9th Cir. 2000) (noting the presumption that the BIA has considered all relevant evidence in the record). Finally, while

3

Luamseejun states that her mental health suffered when she was a victim of the trafficking ring, there is nothing in the record that suggests that her impaired mental health caused her to commit her crimes. *See Benedicto v. Garland*, 12 F.4th 1049, 1063 (9th Cir. 2021). For these reasons, Luamseejun's petition for review of the BIA's particularly serious crime determination is denied.

2. Luamseejun contends that even if she is not eligible for withholding of removal, the BIA erred in denying her deferral of removal under CAT. This court reviews "for substantial evidence the factual findings underlying the BIA's determination that an applicant is not eligible for CAT protection." *Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). "[F]or this court to reverse the BIA with respect to a finding of fact, the evidence must compel a different conclusion from the one reached by the BIA." *Zheng v. Holder*, 644 F.3d 829, 835 (9th Cir. 2011). "To be eligible for relief under CAT, an applicant bears the burden of establishing that she will more likely than not be tortured with the consent or acquiescence of a public official if removed to her native country." *Xochihua-Jaimes*, 962 F.3d at 1183; *see also* 8 C.F.R. § 1208.16(c).

Luamseejun fails to show that the evidence in the record compels the conclusion that she was eligible for CAT relief. Her claim that she would be tortured relies on her own speculation that what may have been legitimate, lawful visits to her family by Thai police instead constituted efforts by the trafficking ring

4

to intimidate her, and that government officials falsified her uncle's cause of death to cover up the fact that the traffickers killed him. Nor do the country conditions report or her observations of Thai government officials acting in a corrupt manner compel the conclusion that Thai officials would specifically acquiesce in Luamseejun's torture, particularly given that the country conditions report also indicates that Thailand has stepped up efforts to combat human trafficking. *See B.R. v. Garland*, 26 F.4th 827, 844 (9th Cir. 2022) ("Evidence of future acquiescence by public officials should be sufficiently related to the sources of petitioner's likely torture.").

Luamseejun also attempts to raise a new argument in her petition that the government should be estopped from contesting that she would be tortured if removed to Thailand because federal prosecutors issued her a general warning that cooperators face a risk of retaliation as part of her criminal case. Because Luamseejun failed to raise this argument before the BIA, we lack jurisdiction to consider it and must dismiss this part of the petition. 8 U.S.C. § 1252(d)(1); *Vargas v. INS*, 831 F.2d 906, 907–08 (9th Cir. 1987).

Finally, Luamseejun requests that the court take judicial notice of certain emails concerning threats she received from another inmate while in federal custody. Because our review is limited to the record that was before the BIA, 8 U.S.C. § 1252(b)(4)(A), we deny the request.

5

The petition for review is **DISMISSED** in part and **DENIED** in part.

Luamseejun's pending motion for a stay of removal is **DENIED** as moot.